# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RA P. SHIPPS,**

        **Plaintiff,**

**v.**                                               **Case No:   6:15-cv-973-Orl-40DAB**

**PROSECUTOR, STATE OF FLORIDA**
**DIVISION '35;62 and PROSECUTORS**
**TO BE NAMED[1],**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 1)**
>
> **FILED:**     **June 12, 2015**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff Ra P. Shipps seeks to proceed in forma pauperis in this putative "class action" against Defendant American Hospitality Association (AHA) arising out of proceedings in state court to evict him from his residence at AHA's Remington Inn and Suites; he seeks a stay of the eviction proceedings, injunctive relief, and damages. Doc. 1.

Although he did not file an independent motion, within the body of his Complaint filed on June 12, 2015, Plaintiff sought to proceed in this Court *in forma pauperis*. Generally, upon a

---

[1] Although Plaintiff lists in the caption these "Prosecutors," within the body of the Complaint he asserts claims against Defendant American Hospitality Association d/b/a Remington Inn and Suites. Doc. 1 ¶¶ 6-7.

party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed in forma pauperis. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of in forma pauperis cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). To determine if a plaintiff should be permitted to proceed in forma pauperis, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004). As the Court sees no basis for jurisdiction over this matter, it is respectfully recommended that the motion be denied and the case be dismissed.

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir.2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir.1999)). The party seeking to litigate in federal court bears the burden of establishing such jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A federal court must inquire *sua sponte* into the issue of jurisdiction when it appears that jurisdiction may be lacking. *Morrison, supra*, 228 F.3d at 1261. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

A document filed *pro se* is generally to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).   While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.   A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Applied here, the Complaint fails to allege facts sufficient to state a cognizable cause of action within the limited jurisdiction of this Court.   Plaintiff's putative "class action" against his Defendant-landlord seeks to stay the state court eviction proceeding against him and order the state court clerk to accept his counterclaim for a class action in response to the eviction.   Doc. 1 ¶ 12.

The Court has reviewed the Seminole County Clerk of Courts website for Plaintiff's eviction case[2].   According to that website, on May 29, 2015, an eviction proceeding was filed by AHA against Ra Shipps in Case No. 2015CC001514.   On June 11, 2015, the Seminole County Clerk accepted two counterclaims for filing byRa Shipps, the Plaintiff in this case.   Clearly, the state eviction case is active and in process.

It is fundamental that an eviction proceeding is a process governed by state law that does not typically implicate federal law.   *See, e.g., Jabar v. Young,* 2014 WL 2922648, *2 (N.D. Ga. June 27, 2014) (eviction and dispossessory proceeding "is fundamentally a matter of state law"); *Hanea v. Boggan*, 2014 WL 2457233 (N.D. Ga. May 29, 2014) (same).   This federal Court does not have original jurisdiction over Plaintiff's claims as pled, which are all claims under state law and do not

---

[2] *See* www.seminoleclerk.org/CivilDocket/case_detail.jsp?CaseNo=2015CC001514.

Case 6:15-cv-00973-PGB-DAB   Document 2   Filed 06/19/15   Page 4 of 5 PageID 35


involve a federal question, 28 U.S.C. § 1331[3]. Plaintiff asserts claims for the landlord's alleged violations of Florida Statute § 83.57 complaining about the lack of notice of rent increases, and states claims for abuse of process, negligence per se[4], negligent training and supervision; seeking a writ of attachment; and seeking to hold AHA vicarious liability for its employees' actions. Doc. 1. Based on Plaintiff's description of the counterclaim he attempted to file in state court (that the clerk allegedly refused to accept), it appears he is asserting virtually the same counts in this Complaint. None of Plaintiff's claims assert as their basis a federal claim.

This federal Court also does not have jurisdiction to stay the state court eviction proceeding. Under the Anti–Injunction Act, 28 U.S.C. § 2283, this Court cannot enjoin a state court action for eviction. The Anti–Injunction Act is "an absolute prohibition against enjoining State Court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 286, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). "The three excepted circumstances are (i) the express provisions of another act of Congress authorizing such an order; (ii) necessity in aid of the federal court's jurisdiction; and (iii) the need to protect or effectuate the federal court's judgments." *Std. Microsystems Corp. v. Texas Instruments, Inc.*, 916 F.2d 58, 60 (2d Cir.1990). None of those exceptions applies in this case. This prohibition against injunctions applies whether the movant seeks to enjoin the parties to the action or the state court itself. *See, e.g., In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prod. Liab. Litig.*, 134 F.3d 133, 144 (3d Cir.1998).

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for lack of federal subject matter jurisdiction.

---

[3] Diversity jurisdiction would not apply because the amount in controversy would not meet the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332.

[4] Plaintiff asserts negligence per se for Defendant's alleged violation of Florida Admin. Code Ch. 61C-1.002, Fla. Stat. § 83.57, Fla. Stat. § 83.64, and 42 U.S.C. § 3613.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 19, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy